UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

ABDUL RAHMAN HANIF,                                               Petitioner,

v.                                                  Civil Action No. 4:26-cv-276-RGJ

MIKE LEWIS, et al.,                                              Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Abdul Rahman Hanif's Writ of Habeas Corpus. [DE 1]. Respondents responded on April 24, 2026. [DE 10]. Petitioner replied on April 29, 2026. [DE 11]. The parties agreed that no evidentiary hearing is necessary. [DE 6; DE 9]. Petitioner also filed a motion to expedite. [DE 15]. This matter is ripe for adjudication. For the reasons below, this Court **DENIES** the Petition for Writ of Habeas Corpus. [DE 1].

## I.        Background

Abdul Rahman Hanif ("Hanif") is a 37-year-old native of Afghanistan. [DE 1 at 7]. He obtained lawful permanent resident ("LPR") status in the United States on May 1, 2016. [*Id.*]. His Permanent Resident Card, form I-551, was issued with an expiration date of May 1, 2026. [*Id.*]. On June 3, 2020, Hanif pled guilty to possession of a controlled substance in Montana Circuit Court. [*Id.* at 8]. He served 60 days in prison. [*Id.*].

On April 1, 2026, Hanif was returning to the United States from an international trip. [*Id.*]. Upon Hanif's arrival at Chicago O'Hare airport, Hanif was detained by Customs and Border Patrol ("CBP") officials. [*Id.*]. On April 3, 2026, Hanif was served a Notice to Appear and a Warrant for Arrest. [DE 10 at 51]. He was then transferred to the custody of Immigration and Customs Enforcement ("ICE"). [*Id.*]. At first Hanif was detained in Clay County, Indiana. [*Id.*]. Then, on April 18, 2026, Hanif was transferred to Hopkins County Jail in the Western District of Kentucky, where he remains today. [*Id.*].

Hanif filed a petition with this Court on April 19, 2026. [DE 1]. Hanif asserts that he is being detained pursuant to Section 1226(a) of the Immigration and Nationality Act ("INA"). [*Id.* at 15]. And thus, Hanif requests his immediate release or a bond hearing by a neutral Immigration Judge ("IJ"). [*Id.*]. In response, the United States claims that Hanif misstates the authority in which his detained, Hanif is mandatorily detained pursuant to Section 1226(c)(1), and there is no right to a bond hearing under 1226(c)(1). [*Id.*].

## II.    Discussion[1]

### A.    Relevant Immigration Framework

While the relevant facts are undisputed by the parties, the United States argues that Section 1226(c) applies to Hanif's detention. [DE 8 at 21]. And further that detention is mandatory under Section 1226(c)(1), and no right to a bond hearing exists. [*Id.*].

The Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") of 1996 provides the statutory framework for the legal status of lawful permanent residents in the United States. All noncitizens are deemed to seek 'admission' upon their 'lawful entry' into the United States. 8 U.S.C. § 1101(a)(13)(A). And "[b]ecause lawful permanent residents generally must be regarded as already admitted to the country, they usually do not have to reapply for admission when they return from temporary overseas travel." *Blanche v. Lau,* 609 U.S. ----, 2026 WL 1791339 (June 23, 2026) (citing 8 U.S.C. § 1101(a)(13)(C)). Yet under certain exceptions, the "Government may regard a lawful permanent resident as 'seeking an admission' (and thus as not already admitted) if he 'has committed an offense identified in section 1182(a)(2)).'" *Id.* (quoting

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis*, 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

Section 1101(a)(13)(C))*; see also, Barco v. Lyons,* 2026 WL 989094. *2 (E.D. Va. Apr. 9, 2026) (holding that the general exemption from admission applies to all LPRs 'unless the [noncitizen]. . . has committed an offense identified in § 1182(a)(2)'") (quoting *Othi v. Holder,* 734 F.3d 259, 267 (4th Cir. 2013)). If a noncitizen is seeking admission into the country, the noncitizen may be mandatorily detained, if permissible by statute. *See Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018).

**B.    Application to Hanif**

Hanif claims he is detained pursuant to 1226(a). [DE 1 at 10-11]. The United States asserts that although Hanif is an LPR, he is still mandatorily detained pursuant to 1226(c). [DE 10 at 51]. Neither party disputes that Hanif pled guilty to possession of a controlled substance. [DE 10-1, Judgment and Sentence of Hanif, at 58]. The statutory pertinent exception here is found in Section 1182(a)(2)(A)(i)(II). The Section states that any noncitizen convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance" renders them inadmissible, even as an LPR, and thus is considered seeking admission into the United States. Section 1182(a)(2)(A)(i)(II). As a result, Hanif is a non-citizen who "has committed an offense identified in section 1182(a)(2) of this title." Section 1101(a)(13)C)(v). Accordingly, "[u]nder the plain language of the statute, [Hanif] is excluded from the exemption granted to [lawful permanent residents] from admission status" and "is therefore treated as 'seeking admission into the United States,' just as are all other aliens entering the country.'" *Othi*, 734 F.3d at 267; *Blanche,* 609 U.S. ---, 2026 WL1791339, *6 (the Government may regard a lawful permanent resident as seeking admission as soon as he 'committed a' crime" under Section 1101(a)(13)(C)(v)) (citing *Barton v. Barr,* 590 U.S. 222, 227 (2020)).

Further, pursuant to Section 1226(c)(1), the "Attorney General shall take into custody any [noncitizen] who. . . is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(a). As stated, Hanif has violated 1182(a)(2) and was alleged inadmissible in his Notice to Appear. [DE 10 at 51-52]. Accordingly, his detention is proper under Section 1226(c)(1).

As a result, Section 1226(c), not Section 1226(a), applies to Hanif's detention.

### III.    Lawfulness of Current Detention

Hanif is properly detained pursuant to Section 1226(c)(1). Still, all detention must comport with the protections of Due Process. [*Id.*]. Hanif claims that there is a "threshold question" of whether "Wyoming['s] misdemeanor conviction categorically relates to a federally scheduled controlled substance." [DE 1 at 10-11]. The United States contends that no violation of due process has occurred. [DE 10 at 55].

When a petitioner is detained under 1226(c), a "procedural protection available" is the noncitizen's "ability to contest that he committed the crime that renders him subject to mandatory detention" commonly called a "*Joseph*" hearing. *Id.* (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)). "Under *Joseph*, such detainees are entitled to a hearing before an Immigration Judge . . . to determine 'whether the [Government] has properly included [them] within a category that is subject to mandatory detention' under § 1226(c)." *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 328 (3d Cir. 2021) (alterations in original) (quoting *Matter of Joseph*, 22 I&N Dec. at 805) (citing 8 C.F.R. § 1003.19(h)(2)(i)(D), (h)(2)(ii)). If an individual is found not be "properly included" within 1226(c), they may request to be released on bond under 1226(a). *See id.* Here, neither party has stated whether Hanif received or requested a *Joseph* hearing. Hanif claims that a "threshold question" exists regarding the elements of Wyoming's controlled substance statute, and whether that crime fits within a category subject to mandatory detention Section 1226(c). [DE 1 at

4

10-11]. But that question is proper for a *Joseph* hearing. Not for this Court. This Court may solely review the Petition for an unlawful detention. 28 U.S.C. § 2241(c)(3). And while a detained petitioner does not automatically receive a *Joseph* hearing as a matter of course, a Petitioner must receive a hearing after a proper request.[2] *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.3d 297, 302 (3d Cir. 2016) (stating that petitioners have a "right to *seek* a *Joseph* hearing") (emphasis added); *Singh v. Warden Cal. City Det. Facility,* 2026 WL 457119, *5 (E.D. Cal. Feb. 18, 2026) (stating that the petitioner "may request a [*Joseph*] hearing before an immigration judge").

Separately, if Hanif wishes to pursue a length of time detention claim under Zadvydas v. *Davis,* 533 U.S. 678 (2001), he claim is not yet ripe. In *Zadvydas*, the Supreme Court held that the United States has a "presumptively reasonable period of detention" that may last up to six months while attempting to remove a non-citizen. *Zadvydas*, 533 U.S. at 701. Then after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and requests release, "the Government must respond with evidence sufficient to rebut that showing." *Id.* Here, however, *Zadvydas* is inapplicable. Hanif has not crossed the six-month threshold and thus detention as a matter of course is still "reasonable." [DE 12 at 109]; *Zadvydas*, 533 U.S. at 701.

Mandatory detention has long been permitted in certain circumstances. *Demore v. Kim,* 538 U.S. 510, 521 (2003). And under Section 1226(c)(1), mandatory "detention is [] expressly authorized by Congress." *Haryana-Sandhir v. Warden Golden State Annex,* 2026 WL 221372, *2 (E.D. Cal. Jan. 28, 2026). When a petitioner's only federal claim is that the mandatory detention

---

[2] If Petitioner wishes to contest that he "committed the crime" that renders him "subject to mandatory detention" he may do so in his immigration proceedings. *In re Joseph,* 22 I &N Dec. at 805. "Anyone who believes that he is not covered by § 1226(c) may also ask for what is known as a '*Joseph* hearing.'" *Jennings v. Rodriguez,* 583 U.S. 281, 289 n.1 (2018) (quoting *Matter of Joseph,* 22 I & N. Dec. 799). Here, however, the Court may solely review the Petition for an unlawful detention. 28 U.S. Code §§ 2241(c)(3). The Petitioner bears this burden. *Caver v. Straub,* 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head,* 253 F.3d 1349, 1357 (11th Cir. 2001).

provision of 1226(c)(1) violates their Constitutional Right to Due Process, that claim must be denied until a potential *Zadvydas* claim ripens. *Haryana-Sandhir v. Warden Golden State Annex,* 2026 WL 1079374, *2 (E.D. Cal. Apr. 21, 2026) (stating that because petitioner's detention has "crossed the six-month threshold" the petitioner may *now* "bring an as-applied challenge to his ongoing, prolonged detention"); *see also Ramirez-Rivas v. Warden,* 2026 WL 1010030, *2 (S.D. Cal. Apr. 14, 2026) (holding that a petitioner is properly detained under 1226(c)(1) but may bring a *Zadvydas* claim at the proper time). Once a *Zadvydas* claim ripens, if properly pleaded, the Court may review a petition for a *Zadvydas* violation as described above.

Here, Hanif has only been detained for three months. Thus, his detention as it currently stands does not implicate *Zadvydas*, and his current detention is "presumptively reasonable." *Zadvydas*, 533 at 701. And like the petitioner in *Singh*, according to the current record, Hanif has neither "requested" a *Joseph* hearing, nor has "such a request has been denied by respondents." *Singh,* 2026 WL 457119, *5. In "light of this[,]" Hanif has failed to show that "respondents have deprived [her] of due process of law to which [s]he is entitled." *Id.*

Hanif may seek a *Joseph* hearing in his immigration proceedings if he chooses to do so. But for now, his detention pursuant to 1226(c)(1) is permissible and even "expressly authorized by Congress." *Haryana-Sandhir*, 2026 WL 221372, *2.

Hanif has not demonstrated his detention is "unlawful." *Caver*, 349 F.3d at 351. Thus, the United States has "put forth a valid basis" for mandating the detention of Hanif pursuant to Section 1226(c)(1) and his petition must be **DENIED**. *Richards v. Choate,* 2025 WL 4474703, *3 (D. Colo. Dec. 5, 2025) (rejecting habeas relief where petitioner was a LPR convicted of marijuana possession and holding that mandatory detention was permissible); *Barco,* 2026 WL 989094, at *3 (holding that a LPR was "seeking admission" upon return to the United States and subject to mandatory detention because of his criminal history).

July 9, 2026                                6

Rebecca Grady Jennings, District Judge
United States District Court